IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA WHITEHEAD,           )
    Plaintiff,            )     Civil Action No. 11-99 Erie
                          )
v.                        )
                          )
DR. DEMARCO, et al,       )     Magistrate Judge Susan Paradise Baxter
    Defendants.           )

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Susan Paradise Baxter[1]

Plaintiff Lisa Whitehead brings suit alleging that Defendants violated her constitutional rights under the Eighth and Fourteenth Amendments in connection with medical treatment she received while at SCI Cambridge Springs in 2009 and 2010. Named as Defendants are Dr. DeMarco[2], Mr. Przybrowski, the Commonwealth of Pennsylvania Department of Corrections, John Wetzel, Shirley Moore Smeal, and Joyce Wilkes.

Presently pending before this Court is the Department of Corrections Defendants' motion for judgment on the pleadings. ECF No. 49. Plaintiff has filed a Response to Defendants' motion in opposition, but has agreed to voluntarily dismiss the following claims: 1) all claims against Wetzel, Smeal, and Wilkes; 2) the claims against Przybrowski in his official capacity; and 3) the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Dr. DeMarco was an independent contractor working at SCI Cambridge Springs and was not employed by the Department of Corrections. In her Opposition brief, Plaintiff's counsel explained that "inasmuch as Plaintiff initially proceeded with the instant action *pro se*, undersigned counsel is unaware of the precise service status with regard to Defendant DeMarco but will work to determine the same forthwith." ECF No. 51, page 1 n.1.

Fourteenth Amendment claims against all the Department of Corrections Defendants. ECF No. 51. The motion is fully briefed and is ripe for disposition by this Court.

**Standard of Review**

"The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." Zion v. Nassan, 283 F.R.D. 247, 254 (W.D. Pa. 2012). Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6), (h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is filed, whereas a Rule 12(c) motion can be made "[a]fter the pleadings are closed." Fed.R.Civ.P. 12(b), (c). A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings. Perelman v. Perelman, 919 F.Supp.2d 512, 521 (E.D. Pa. 2013). See also 2 James Wm. Moore et al., Moore's Federal Practice-Civil ¶ 12.38 (2010); Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.3d 1192, 1196-97 (3d Cir.1993) (court should consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if plaintiff's claims are based on such documents.).

A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12(b) (6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in

2

the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**Eleventh Amendment Immunity**

Plaintiff has named the Pennsylvania Department of Corrections as a defendant to this action.

The Department of Corrections cannot be sued under the Eleventh Amendment which proscribes actions in the federal courts against, *inter alia,* states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978). It is well-settled that the DOC[3], which administers all state correctional institutions, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the Department of Corrections and its respective institutions are also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D. Pa.).[4]

The Department of Corrections will be dismissed from this action.

---

[3] Additionally, the Department of Corrections is not a "person" as defined under § 1983 and thus, cannot be sued under that statute. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

[4] No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D.Pa.), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. See 42 Pa. C.S. § 8521(b); Chittister v. Dep't of Community & Economic Development, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa.Cons.Stat.Ann. § 2310 (West Supp.2000) ( "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")").

**Plaintiff's Factual Allegations**

In the First Amended Complaint, Plaintiff alleges that she was denied proper medical care, denied humane conditions of confinement and subjected to excessive punishment during her incarceration at SCI Cambridge Springs, thereby violating her constitutional rights under the Eighth Amendment.

Plaintiff claims that she was diagnosed with Crohn's Disease in 1983. In April of 2009 after she arrived at SCI Cambridge Springs, Dr. DeMarco removed her previously designated status of "medical idle." ECF No. 45, ¶ 18. Plaintiff informed DeMarco and his staff that she could not perform physical labor due to her Crohn's Disease, yet Plaintiff was assigned to work as an outside caretaker by prison staff. Id. at ¶ ¶ 19-20.

Plaintiff's job as caretaker, which she performed in April and May of 2009, included heavy manual labor. Id. at ¶ ¶ 21-22. In May of 2009, while operating a manual push mower, Plaintiff felt a tear inside her vagina and sought medical treatment. Id. at ¶ 22. DeMarco placed Plaintiff on two days rest from work without sufficiently examining her. Id. at ¶ 24. After two days, staff ordered Plaintiff back to work. Id. at ¶ 25. When Plaintiff was unable to resume her work assignment, she was punished by prison staff with the loss of yard time and her job for two weeks. Id. at ¶ 26.

Plaintiff was denied medical treatment for her injures for two to three weeks. Id. at ¶ 29. In May, Plaintiff was examined at Meadville Hospital and in June, she was examined by Dr. Beard at Meadville Hospital and was referred to a specialist. Id. at ¶ ¶ 30-31. In July, Plaintiff was examined by Dr. Symon at St. Vincent's Hospital and presented with two surgical options – she could choose to either have her ceton bands removed or she could have her rectum removed. Id. at ¶ ¶ 32-33.

5

Plaintiff alleges that in September of 2009 she approached Defendant Przybrowski to discuss the treatment options presented to her by Dr. Symon at St. Vincent's Hospital in July. Id. at ¶ 35. At that time, Przybrowski indicated to Plaintiff that she "had been marked as a refusal to treatment." Id. at ¶ 36. In October of 2009, Plaintiff was taken to St. Vincent's Hospital and her ceton bands were surgically removed. Id. at ¶¶ 37-38.

Between April 2009 and October 2012, Plaintiff suffered from pain and inflammation due to her injuries. Id. at ¶ 41. In October 2012, Plaintiff's rectum was removed at Geisinger Health System and she has suffered from reduced pain thereafter. Id. at ¶¶ 40, 43.

**Deliberate Indifference under the Eighth Amendment**

The only claim against Defendant Przybrowski is the Eighth Amendment claim based upon inadequate medical treatment (since the Amended Complaint does not contain any allegations that Przybrowski had any involvement in the alleged inhumane conditions arising out of Plaintiff's work assignment).

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr'al. Inst. Inmates

v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104.[5]

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F.2d 533, 575 n.2 (3d Cir. 1979). "Mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White v. Napoleon, 987 F.2d 103, 110 (3d Cir. 1990).

Plaintiff has not made any allegation to factually support the personal involvement and/or acquiescence of Defendant Przybrowski in the allegedly inadequate medical care.[6] Even if Plaintiff could factually support the personal involvement of Przybrowski, she has failed to state

---

[5] However, mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

[6] When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

a claim upon which relief may be granted. Defendants have acknowledged that Przybrowski was the Health Care Administrator at SCI Cambridge Springs. See ECF No. 49, page 13. Non-medical prison officials, such as Health Care Administrators, cannot be

> considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [ ... ] If a prisoner is under the care of medical experts, a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.
>
> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ... ] will not be chargeable with [ ... ] deliberate indifference [under the Eighth Amendment].

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) quoting Durmer, 991 F.2d at 69. See also Foreman v. Bureau of Prisons, 2007 WL 108457, at *5 (3d Cir.).

In his capacity as the Health Care Administrator[7], Defendant Przybrowski's reliance on the opinion of medical professionals (even if Plaintiff grieved the alleged inadequacies in her medical treatment and Przybrowski was involved in answering those grievances) does not legally indicate that he possessed "knowledge of malicious or sadistic medical mistreatment" so as to impose liability upon him. See Henderson v. Bussanich, 2006 WL 3761998, at *7 (M.D.Pa.). Accordingly, the claims against Defendant Przybrowski must be dismissed.

---

[7] It is the not responsibility of the Health Services Administrator to order the medical treatments sought by inmates. The responsibilities of the Health Services Administrator include managing the Health and Dental Departments of the prison, overseeing nursing staff, and overseeing independent contractors, such as PHS, Inc. See Josey v. Beard, 2009 WL 1858250 (W.D. Pa.).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA WHITEHEAD,        )  | |
|     Plaintiff,        ) | Civil Action No. 11-99 Erie |
|                       ) | |
| v.                     ) | |
|                       ) | |
| DR. DEMARCO, et al,    ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants.      ) | |

**O R D E R**

AND NOW, this 11th day of September, 2014;

IT IS HEREBY ORDERED that the following claims are dismissed voluntarily by Plaintiff: 1) all claims against Wetzel, Smeal, and Wilkes; 2) the claims against Przybrowski in his official capacity; and 3) the Fourteenth Amendment claims against all the Department of Corrections Defendants. ECF No. 51. The Clerk of Courts is directed to terminate Wetzel, Smeal and Wilkes as Defendants on the docket.

IT IS FURTHER ORDERED that the motion for judgment on the pleadings [ECF No. 48] be GRANTED. The Clerk of Courts is directed to terminate Przybrowski as a Defendant to this action.

A Status Conference will be scheduled by separate Order.

                                                    /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge